IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

June 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| RONALD D. BOWLIN, | ) C/A NO. 03A01-9807-CV-00243 |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| | ) |
| | ) APPEAL AS OF RIGHT FROM THE |
| v. | ) HAMBLEN COUNTY CIRCUIT COURT |
| | ) |
| | ) |
| | ) |
| | ) |
| MARY WILMA BOWLIN, | ) |
| | ) HONORABLE KINDALL T. LAWSON, |
| Defendant-Appellant.) | JUDGE |


For Appellant                    For Appellee

PAUL G. WHETSTONE                 DOUGLAS R. BEIER
Morristown, Tennessee            Evans & Beier
                                 Morristown, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                          Susano, J.

In this divorce case, the trial court awarded Ronald D. Bowlin ("Father") the "sole and exclusive custody" of the parties' minor child, Mariah Summer Bowlin ("Summer"),[1] age 3. The child's mother, Mary Wilma Bowlin ("Mother"), was awarded specific visitation rights. Mother appeals, raising one issue for our review: Did the trial court err when it admitted into evidence records of Mother's in-patient stay at a drug and alcohol rehabilitation center operated by Cornerstone of Recovery, Inc. ("Cornerstone").

I.

In the original complaint for divorce, Father charged that

> [Mother] is an alcohol abuser and also takes Prozac for depression. She is both physically and verbally abusive to Husband when drinking alcohol and has on occasions too numerous to recite subjected the minor child to this conduct, as well as driving the child around in an automobile when she is in this condition.

In addition to a divorce, Father sought "immediate temporary custody" of Summer as well as her exclusive custody following the final hearing.

Mother filed an answer to the original complaint. She accompanied it with a counterclaim for divorce in which she sought the "exclusive care, custody and control" of Summer. In her answer, Mother stated the following:

---

[1]For ease of reference, we will refer to the child by her middle name -- the name used by her parents.

> ...[Mother] would show to the Court that she has admitted that she has a problem with alcohol. [Father] has capitalized upon [Mother's] decision to deal with her substance abuse problem by seizing custody of the parties' minor child. At present, [Mother] is alcohol-free and plans to live a life of sobriety. She denies that she has been physically and verbally abusive to [Father] unless provoked by him. She denies that she has driven with the child in an automobile when under the influence of alcohol.

The parties' pleadings frame issues that bring into play Mother's alleged chemical dependency. Evidence on this subject was clearly relevant on the issues of divorce and the relative fitness of the parties to be Summer's custodian.

Father's original complaint was filed on May 9, 1997. On May 15, 1997, Mother was voluntarily admitted to the drug and alcohol rehabilitation center operated by Cornerstone. She was discharged June 16, 1997.

Father subpoenaed Mother's records at Cornerstone. Upon Cornerstone's motion raising issues of privilege, the trial court determined that the "records in their entirety are necessary for the conduct of [the] proceeding and that failure to disclose said records would be contrary to public interest."[2] It ordered that the records be filed and maintained by the trial court clerk under seal. It further ordered that the parties be permitted access to the records. This preliminary ruling is not assigned as error on this appeal.

---

[2] *See* T.C.A. § 33-3-104(10)(A)(iv)(Supp. 1998).

On or about August 21, 1997, Mother's records at Cornerstone were filed under seal. The records were accompanied by the affidavit of Cornerstone's "Medical Records Custodian." The affidavit conforms to the requirements of T.C.A. § 68-11-405.[3]

Martha Rogers-Hornsby, "the records custodian or keeper of the records at Cornerstone," was called as a witness by Father. She identified Mother's file at Cornerstone,[4] after which Father moved its admission into evidence. Father's motion was met with the following objection:

> Your Honor, these records contain statements from what I'd like to call a holographic declarant. These are counselors at Cornerstone who have sat down with Ms. Bowlin and interviewed her throughout the course of her treatment there. Ms. Bowlin would make a statement, and the counselor would allegedly hear the statement and would write down what was said. That is a third-party, holographic declarant, who, I submit, is not here today.

---

[3]T.C.A. § 68-11-405 provides, in part, as follows:

(a) The records shall be accompanied by an affidavit of a custodian stating in substance:

(1) That the affiant is duly authorized custodian of the records and has authority to certify the records;

(2) That the copy is a true copy of all the records described in the subpoena;

(3) That the records were prepared by the personnel of the hospital or community mental health center, staff physicians, or persons acting under the control of either, in the ordinary course of hospital or community mental health center business at or near the time of the act, condition or event reported therein; and

(4) Certifying the amount of the reasonable charges of the hospital or community mental health center for furnishing such copies of the record.

\* \* \*

[4]Ms. Rogers-Hornsby's oral testimony also laid a proper foundation to qualify Mother's records as business records under Rule 803(6), Tenn.R.Evid.

> And this is not a business record in the
> traditional sense. And if the Court were to
> allow these records to be used in any way
> whatsoever, here, today, it would deny me the
> right to cross-examine the person who
> actually wrote down the information.

The trial court overruled the objection, and the entirety of Mother's records at Cornerstone were admitted into evidence. On subsequent direct examination, Ms. Rogers-Hornsby was asked to identify specific documents in the records, and Father sought to bring the contents of these documents to the court's attention. These efforts were also met with objections, all of which were overruled. It is the trial court's rulings on Mother's objections that form the basis for her singular issue on this appeal.[5]

II.

Mother's issue causes us to focus on subsection (6) of Rule 803, Tenn.R.Evid. -- a provision of the Rules of Evidence dealing with hearsay exceptions. Rule 803(6) provides as follows:

> A memorandum, report, record, or data
> compilation in any form of acts, events,
> conditions, opinions, or diagnoses made at or
> near the time by or from information
> transmitted by a person with knowledge and a
> business duty to record or transmit if kept
> in the course of a regularly conducted
> business activity and if it was the regular

---

[5]Mother candidly -- and correctly -- acknowledges that if the medical records were properly admitted, it cannot be said that the evidence preponderates against the trial court's judgment awarding Father custody of Summer. *See Gaskill v. Gaskill*, 936 S.W.2d 626, 631 (Tenn.App. 1996). For this reason, she does not make an issue as to the lower court's factual findings.

> practice of that business activity to make
> the memorandum, report, record, or data
> compilation, all as shown by the testimony of
> the custodian or other qualified witness,
> unless the source of information or the
> method or circumstances of preparation
> indicate lack of trustworthiness.  The term
> "business" as used in this paragraph includes
> every kind of business, institution,
> association, profession, occupation, and
> calling, whether or not conducted for profit.

Rule 803(6) is commonly referred to as the business records hearsay exception.  "It rests on the premise that records regularly kept in the normal course of business are inherently trustworthy and reliable." *Alexander v. Inman*, 903 S.W.2d 686, 700 (Tenn.App. 1995).  To qualify for admission under Rule 803(6), the documents sought to be admitted must satisfy the requirements set forth in the Rule.  *Id*.  These requirements were satisfied in this case by the affidavit of the medical records custodian.  *See* T.C.A. § 68-11-405.  *See also* T.C.A. § 68-11-406 ("The copy of the record shall be admissible in evidence to the same extent as though the original thereof were offered and the custodian had been present and testified to the matters stated in the affidavit.")  As previously indicated, the requirements of the Rule were also satisfied by the oral testimony of Ms. Rogers-Hornsby.

Mother's initial objection to the introduction into evidence of her records is without merit.  Mother argues that her records should not have been admitted into evidence because to do so would deny her "the right to cross-examine the person who actually wrote down the information."  While her "no cross-examination" argument may be true, it is legally immaterial in

6

this case.  Rule 803(6) -- like its statutory "ancestor"[6] -- is specifically designed "to enable litigants to introduce and use business records without calling the numerous witnesses who were involved in preparing and keeping them." **West End Recreation, Inc. v. Hodge**, 776 S.W.2d 101, 105 (Tenn.App. 1989).  Generally speaking, an objection based on the failure of a party to call the individual or individuals who prepared the business records is not sufficient to block their admissibility.

Once Mother's records at Cornerstone were admitted into evidence, counsel for Father asked Ms. Rogers-Hornsby to identify and read from specific documents in the file -- the Physician's Summary of Physical Findings and Recovery Issue, Addiction Assessment forms, a psychological test form, History, Social Assessment, and Progress Notes.  Much of the questioning pertained to Mother's statements to counselors and to Dr. Riley Senter, medical director of Cornerstone.  Mother's statements, while hearsay, were clearly admissible.  *See* Rule 803(1.2), Tenn.R.Evid.  They pertained to Mother's use of alcohol and drugs, and other subjects relevant to Mother's fitness to be the custodian of Summer.  They were generally not favorable to Mother and, hence, were clearly "against the declarant's interest." **Id**. Mother's objections to the admissibility of the records as they pertained to her statements were again based upon the absence at trial of the individuals who wrote down Mother's comments.  As previously indicated, such an objection generally is not sufficient to bar the introduction of business records into evidence.

---

[6]T.C.A. § 24-7-111, repealed by Chapter 273, Public Acts of 1991.

A relatively small portion of Ms. Rogers-Hornsby's testimony pertained to diagnoses made by Dr. Senter. Counsel for Mother challenges these notations on the basis that they should not have been admitted into evidence because they pertain to diagnoses made by an expert who was not called as a witness. In this connection, it should be noted that the business records exception specifically encompasses "opinions, or diagnoses." *Id*. To the extent that Mother's objection can be construed as complaining that there was no showing of Dr. Senter's qualifications to make the diagnoses or to express the opinions contained in Mother's records, this issue, generally speaking, "goes to weight and not admissibility." **Graham v. State**, 547 S.W.2d 531, 538 (Tenn. 1977).[7] *See also* McCormick on Evidence 503 (John W. Strong ed., 4th ed. 1992).

The drug and alcohol rehabilitation center operated by Cornerstone appears to be a reputable institution, and there is nothing about the challenged records to suggest that "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." *See* Rule 803(6), Tenn.R.Evid.

Mother's issue is found to be without merit.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded for such further proceedings, if any, as may be required, consistent

---

[7]The opinion in **Graham** was published before the Rules of Evidence were enacted. That case was decided under T.C.A. § 24-714 (later T.C.A. § 24-7-111), since repealed. Rule 803(6), Tenn.R.Evid., is similar to the former code section.

with this opinion, and for the collection of costs assessed below.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Herschel P. Franks, J.

9